# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia,
*ex rel.* Jerry W. Kilgore,
Attorney General

v.

Patriot Tobacco Co.

June 1, 2005

Case No. CH03-44-1

BY JUDGE MELVIN R. HUGHES, JR.

As authorized by the Virginia Tobacco Escrow Statute, Va. Code §§ 3.1-336.1 and 3.1-336.2, the Commonwealth of Virginia, on relation of the Attorney General, has brought this action against Patriot Tobacco Company, a Texas corporation, seeking to recover escrow payments allegedly due under the Statute for the years 2000, 2001, 2002, and 2003.

The Statute requires that tobacco manufacturers whose tobacco products are sold in Virginia pay annually to an escrow fund amounts based on sales for each calendar year. This case, as did one filed before this proceeding, seeks injunctive and other relief by way of civil penalties on a claim that Patriot has failed to comply with requirements of the Act.

In a prior action on claims for the years 2000 and 2001, the court sustained Patriot's position that, under Virginia's long arm statute and for reasons of due process, this court could not exert personal jurisdiction. Now, in this new refiled proceeding with two additional years for escrow payments added, Patriot asserts that res judicata/direct estoppel, precludes the Commonwealth from mounting these claims. Patriot argues that the same facts previously adjudicated as not supportive of jurisdiction are present in this refiled claim. Thus, the Commonwealth cannot proceed because the same jurisdictional facts have been previously adjudicated. The court agrees in part.

In the prior action, the court held that Patriot's activities in Virginia did not amount to a transaction or "transacting business" within the meaning of the long arm statute, Va. Code § 8.01-328.1(A) (2004), and otherwise were

not sufficient under minimum contacts to satisfy Fourteenth Amendment due process requirements. Thus, the court ruled there was no personal jurisdiction and that action was accordingly dismissed.

On this second filing, the court must take the same view. The same facts and circumstances pertinent to the issue of personal jurisdiction are at play now as before. The court holds this opinion despite the Commonwealth's argument that there has been a change in law in the interim due to the passage of Va. Code § 3.1-336.13(A). The statute provides:

> Any tobacco product manufacturer that produces cigarettes sold or offered for sale into or within the Commonwealth shall be deemed to have submitted to and agreed to the jurisdiction of the courts of the Commonwealth for the purpose of trying any action brought by this Commonwealth to enforce the provision of this article.

The Commonwealth concedes that, if it were not for this new statutory enactment, the action would be barred by res judicata; however, it contends, because there is a new jurisdictional base, it can press the same claims in this refiled suit.

The court agrees with Patriot that this case is identical to that which has already been dismissed and that the issue of personal jurisdiction with regard to the previously filed claim has already been litigated. Therefore this case is barred by direct estoppel. As stated by the Court in *Bates v. Devers*, 214 Va. 667, 670-71 (1974):

> Res judicata encompasses four preclusive effects, each conceptually distinct, which a final judgment may have upon subsequent litigation. These are merger, direct estoppel, bar, and collateral estoppel. . . .
>
> *Merger* occurs when a valid and final personal judgment for money is entered for plaintiff. His original *cause of action* is merged into the judgment and is extinguished. Plaintiff can maintain a subsequent action only on the judgment and not on the original cause of action. . . .
>
> *Direct estoppel* arises when defendant has won a judgment *not on the merits*. Although plaintiff's cause of action may survive the judgment, the parties are precluded in any

subsequent action based upon that cause of action from relitigating any *issue* actually litigated and determined by the judgment. . . .

*Res judicata-bar,* is the particular preclusive effect commonly meant by use of the term "res judicata." A valid, personal judgment on the merits in favor of defendant bars relitigation of *same cause of action* or any part thereof which could have been litigated between the same parties and their privies. . . .

*Collateral estoppel* is the preclusive effect impacting in a subsequent action based upon a collateral and *different cause of action.* In the subsequent action, the parties to the first action and their privies are precluded from litigating any *issue* of fact actually litigated and essential to a valid and final personal judgment in the first action.

(Citations omitted.)

The court finds that the issue of personal jurisdiction as to Patriot in the Commonwealth, with regards to the previously filed claim, is barred by direct estoppel. Although the cause of action based on the merits survives and may be maintained, the issue of personal jurisdiction has already been litigated in the Commonwealth as to part of claim now asserted.

The same facts inherent as to service in the first action are the same as relied on in the present action. Thus, the court is still without personal jurisdiction over Patriot to the extent of the claims previously sought to be advanced in the prior case. However, the court finds that Counts III and IV of the Bill of Complaint are separate and independent causes of action that have not been previously litigated and are entitled to be pursued by the Commonwealth. The Statute allows for annual escrow assessments. Therefore, the two additional years alleged in Counts III and IV of the present Bill of Complaint are independent causes of action based on a new set of operative facts, as relating to service, separate from that of the previous cause of action. For these, the recent statutory enactment provides an expanded basis for personal jurisdiction.

For the foregoing reasons, Patriot's Motion in Abatement and Motion to Quash Service of Process are granted as to Counts I and II of the Plaintiff's Bill of Complaint but overruled as to Counts III and IV. . . .